1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  RYAN REZAEI (CABN 285133)
   Assistant United States Attorney
5  MOLLY A. SMOLEN (CABN 293328)
   Assistant United States Attorney
6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California 94102-3495
        Telephone: (415) 436-6779
8       FAX: (415) 436-7234
        molly.smolen@usdoj.gov
9
   Attorneys for United States of America
10
                        UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12
                               OAKLAND DIVISION
13

14  UNITED STATES OF AMERICA,          )   NO. 19-CR-655-1 HSG
                                        )   NO. 19-CR-655-4 HSG
15          Plaintiff,                  )   NO. 19-CR-655-7 HSG
                                        )   NO. 19-CR-655-11 HSG
16      v.                              )   NO. 19-CR-655-12 HSG
                                        )
17  EDUARDO GUZMAN TORRES,              )   UNITED STATES' RESPONSE TO THE COURT'S
        a/k/a "Miguel" a/k/a "Mikey" a/k/a )   OCTOBER 28, 2020 ORDER RE .TAR FILES AND
18      "Michael" a/k/a "Ramon Guzman-   )   PACKET DATA
        Jimenez" a/k/a "Fortino" a/k/a "Ramon )
19      Jimenez" a/k/a "Fabian Cisneros" a/k/a )
        "Hernan Torres Garcia" a/k/a "Potes" )
20      a/k/a "Alex,"                    )
    ALFREDO TAPIA SANDOVAL,              )
21      a/k/a "Fredi Tapia-Sandoval" a/k/a )
        "Fredi,"                         )
22  JUAN CARLOS GUZMAN,                  )
        a/k/a "Jose Rosa-Perez,"         )
23  ERICA LAGUNAS, and                   )
    TERESA GUZMAN-RODRIGUEZ,             )
24      a/k/a "Mono" a/k/a "Monos,"      )
                                         )
25          Defendants.                  )
                                         )
26

27

28

UNITED STATES' RESPONSE RE
.TAR FILES AND PACKET DATA          1
19-CR-655-HSG

The United States submits this response to the Court's October 28, 2020 order regarding the Government's position on whether .TAR files and so-called "packet data" must be produced in discovery.[1]  Dkt. 136, 137.

As a preliminary matter, the .TAR files and the "packet data" in this case are synonymous.[2]  .TAR files are nothing more than a way to assemble data, similar to a zip file.  .TAR files can be read using proprietary software, or they can be processed to make them accessible to viewers who cannot access the proprietary software.  As explained below, the Government is currently processing the .TAR files so they can be viewed by defense counsel in this case.  However, these .TAR files do not contain materials subject to the Government's discovery obligations.

During the wiretaps in this case, the cell service provider gave the Government "packet data." Packet data is essentially machine code, and encompasses all of the data that is collected with respect to a target phone number.  This is far broader than simply the content of communications and includes literally anything data-driven that someone might do with their cell phone, such as visiting a website or updating a cell phone application.  Thus, substantive communications are only a small subset of the packet data that was generated in this case.

Packet data can be understood in part by analogizing to a letter written by a defendant and sent through the Postal Service.  The letter itself is the substantive communication which would be encompassed in the Government's discovery obligations.  But in this scenario, the hypothetical packet data would also include all sorts of irrelevant, non-discoverable information such as the color and size of the envelope; the date this type of envelope was first created and all subsequent dates on which design changes were made; the color, shape, and design of the stamp used; the material used to affix the stamp

---

[1] At the October 28, 2020 hearing, the discovery coordinator also mentioned that he had not yet received images from the three electronic devices that the Government imaged.  However, as set forth in the United States' Second Discovery Status Report, these three devices did not belong to and were not possessed by the above-named defendants.  Dkt. 132 at 3.  While the Government thus believes that these devices are beyond the scope of discovery in this case, they are being copied by the FBI and will be made available for inspection once the processing is complete.  As further set forth in Docket 132, should any defendant specifically request a copy of these tangential materials, the Government will produce them on an individual basis.  *Id.*

[2] To the extent that other items of discovery were inadvertently produced in .TAR format initially, those items have already been processed and produced in accessible formats to defense counsel.  *See* Dkt. 132 at 3.  Thus, the only remaining .TAR files in this case relate to the packet data.

to the envelope; the type of ink used to write the return address on the corner of the envelope; and much more. In sum, the letter is the discoverable information. The background packet data is not.

Even this analogy, however, fails to convey the full scope of the packet data. Because in addition to background information connected to a communication, packet data is also generated any time a user takes any data-driven action on their cell phone. Packet data is generated when a user runs an update on any application, when they visit any website, basically every single time a user does something with their phone that involves any form of data. In sum, substantive electronic communications such as text messages and phone calls comprise only a tiny fraction of the overall packet data.

To the extent that the packet data generated in this case contained substantive electronic communications relevant to this case, these have already been produced, along with all relevant information related to those communications such as the times they were sent or received and the number with which the individual was communicating. The remainder of the packet data are nothing more than background noise, irrelevant to this case and not discoverable.

The Government informed all defense counsel of its position regarding packet data by letter on October 23, 2020. And in that letter the Government explained that while the packet data is not discoverable—because where it is not completely irrelevant, it is duplicative of communications that have already been produced—the Government is processing the packet data (which is currently in .TAR format) and will be making it available for inspection once the processing is completed, either by individual request or through the discovery coordinator.

DATED: November 4, 2020                                   Respectfully submitted,

                                                          DAVID L. ANDERSON
                                                          United States Attorney

                                                          */s/ Molly A. Smolen*
                                                          MOLLY A. SMOLEN
                                                          Assistant United States Attorney