1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  RYAN REZAEI (CABN 285133)
   Assistant United States Attorney
5  MOLLY A. SMOLEN (CABN 293328)
   Assistant United States Attorney
6
         450 Golden Gate Avenue, Box 36055
7        San Francisco, California 94102-3495
         Telephone: (415) 436-6779
8        FAX: (415) 436-7234
         molly.smolen@usdoj.gov
9
   Attorneys for United States of America
10
                        UNITED STATES DISTRICT COURT
11
                      NORTHERN DISTRICT OF CALIFORNIA
12
                              OAKLAND DIVISION
13

14  UNITED STATES OF AMERICA,                )  NO. CR 19-CR-655-1 HSG
                                             )  NO. CR 19-CR-655-4 HSG
15          Plaintiff,                       )  NO. CR 19-CR-655-7 HSG
                                             )  NO. CR 19-CR-655-11 HSG
16      v.                                   )
                                             )  GOVERNMENT'S RESPONSE TO
17  EDUARDO GUZMAN TORRES,                    )  DEFENDANTS' MOTION TO COMPEL SPECIFIC
          a/k/a "Miguel" a/k/a "Mikey" a/k/a )  DISCOVERY (ECF No. 149)
18        "Michael" a/k/a "Ramon Guzman-     )
          Jimenez" a/k/a "Fortino" a/k/a "Ramon )
19        Jimenez" a/k/a "Fabian Cisneros" a/k/a )
          "Hernan Torres Garcia" a/k/a "Potes" )
20        a/k/a "Alex,"                      )
    ALFREDO TAPIA SANDOVAL,                   )
21        a/k/a "Fredi Tapia-Sandoval" a/k/a )
          "Fredi,"                           )
22  JUAN CARLOS GUZMAN,                       )
          a/k/a "Jose Rosa-Perez," and        )
23  ERICA LAGUNAS,                            )
                                             )
24          Defendants.                      )
                                             )
25  _____      )

26

27

28

GOV. RESPONSE TO MOT. TO COMPEL          1
19-CR-655-HSG

The United States submits this response to the above defendants' motion to compel specific discovery. In sum, the Government has investigated whether there are any documents responsive to these requests within its possession, custody, or control and as set forth below, the Government has no additional discovery to provide beyond what has already been produced. Because the Government does not have any additional discovery to produce, the Court should deny defendants' motion.

## I.    INTRODUCTION

The above defendants have been charged by indictment with multiple drug crimes due to their alleged involvement in an over-arching drug distribution conspiracy and numerous other acts relating to illegal narcotics. *See* ECF No. 18. Each defendant is charged with being part of this conspiracy spanning from on or about March 27, 2019 to on or about November 19, 2019 (Count One), and further substantive charges against each are as follows:

- Eduardo Guzman Torres:
    - March 27, 2019 – Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Two);
    - May 2, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Three);
    - May 23, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Four);
    - June 21, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Six);
    - July 9, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Seven);
    - August 8, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Eight);
    - August 13, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Nine);
    - August 27, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Eleven);

- o August 28, 2019 – Distribution of a mixture and substance containing a detectable amount of heroin (Count Twelve);
- o September 4, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Thirteen);
- o September 25, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Seventeen);
- o October 15, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Twenty-One);
- o October 21, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Twenty-Two);
- o November 5, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Twenty-Three);

- Alfredo Tapia Sandoval:
  - o August 8, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Eight);
  - o August 13, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Nine);
  - o August 27, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Eleven);
  - o September 25, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Seventeen);

- Juan Carlos Guzman:
  - o October 15, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Twenty-One);
  - o October 21, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Twenty-Two);

- Erica Lagunas:

   - November 14, 2019 - Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count Twenty-Four).

*Id.*

On August 7, 2019, this Court authorized a wiretap for Target Telephone 1, suspected to be used by Eduardo Guzman Torres. *See* Mot. Ex. F. On December 5, 2019, the grand jury returned an indictment against the above defendants, as well as other members of the Guzman Drug Trafficking Organization.

As defendants note in their motion, the Government has produced voluminous discovery in this case including, most recently, the .TAR files that the Court ordered produced by December 9, 2020. The Government has reviewed defendants' current requests, and made inquiries of previous counsel on the case as well as assigned case agents. Based on this investigation the Government believes that it has no additional documents to produce in response to defendants' requests.

## II.   ARGUMENT

In the instant motion, defendants ask the Court to compel the production of four categories of discovery. Undersigned counsel has investigated the extent to which each of these categories are within its possession, custody and control, and has determined that the Government has no responsive documents, as further detailed below.

### 1.   Requests for cell phone call records or subscriber data to specified organizations.

In their first discovery request, defendants seek "[a]ll requests made, in any format, to the Hemisphere Project, the Northern California Regional Intelligence Center, the DOJ Western States Information Network, or the DEA Special Operations Division for cell phone call record or subscriber data made during the investigation of this case, as well as complete copies of all records or data delivered to the government." *See* Mot. at 6.

The Government has confirmed that no such records were requested from any of the listed entities during the investigation of this case, and therefore there are no responsive documents.

//

GOV. RESPONSE TO MOT. TO COMPEL                4
19-CR-655-HSG

**2.  Disclosure of federal investigations in which defendants were "subjects."**

In their second discovery request, defendants seek "[t]he initial wiretap affidavit in this case indicates the defendants were subject [sic] in multiple FBI, DEA and Federal Task Force narcotics investigations in Northern California.  Defendants request disclosure of each of the federal law enforcement or federal task force investigation in which he was considered a 'subject'."  *See* Mot. at 6.

The Government has made inquiries regarding whether any of the above defendants were considered "subjects" in federal investigations separate from this case.  While it is true that more than one law enforcement entity investigated the above defendants, those investigations were ultimately consolidated into this prosecution.  In sum, the Government is not aware of any federal investigation into these defendants that is unconnected from this case, and therefore has no responsive documents to produce beyond what has already been produced in discovery.

**3.  Inculpatory evidence.**

In their third discovery request, defendants seek "[a]s to any parallel of [sic] prior federal law enforcement investigation in which members of the 'Guzman DTO' were suspect or in which phones connected to the 'Guzman DTO' were identified, defendants request disclosure of all data, witness statements, records, or other evidence that could have been used to incriminate suspected members of the 'Guzman DTO'. In other words, any materials that tended to show that the wiretap in this case were [sic] not necessary."  *See* Mot. at 6.

The Government is not aware of any parallel or prior federal law enforcement investigation in which these defendants were suspects or in which their telephones were identified and therefore does not have anything to produce in response to this request.

Moreover, the wiretap application in this case set forth substantial information detailing why it was necessary to intercept wire communications in this case.  *See* Mot. Ex. F ¶¶ 160-258.  As the wiretap application explains, law enforcement utilized myriad other investigative techniques before seeking a wiretap in this case.  *Id.*  Before seeking a wiretap in this case law enforcement utilized:  (1) confidential sources; (2) physical surveillance; (3) pole camera; (4) telephone location data; (5) vehicle location data; (6) pen registers; (7) trap and trace data; (8) toll record analysis; (9) trash searches; (10) mail covers; (11) interviews; (12) arrests and buy-busts; (13) search warrants; and (14) financial

1    investigations.  *Id.*  While these techniques provided evidence demonstrating that Eduardo Guzman had

2    access to and was selling large quantities of methamphetamine, they were not sufficient to identify the

3    Guzman DTO's sources of supply, all of their stash houses, customers and redistributors, co-

4    conspirators, or financial practices.  *Id.* ¶¶ 161-62.  Thus, it was necessary to seek a wiretap in this case

5    to further the investigation.  *Id.*  In sum, the Government is unaware of "any materials that tended to

6    show that the wiretap in this case were [sic] not necessary."

7         **4.  Prior wiretaps**

8         In their final request, defendants ask "[w]hether any defendant was the subject or named

9    interceptee, or referred to, in any other Title III or state wiretap application."  *See* Mot. at 6.

10        As set forth in Exhibit F to defendants' motion, prior to the application for the August 7, 2019

11   wiretap, the electronic surveillance indices of the FBI, the DEA, and the Department of Homeland

12   Security/Homeland Security Investigations were checked.  Mot. Ex. F ¶¶ 40, 259.  As of that date, there

13   had been no prior federal wiretaps involving any of the subjects or target interceptees.  *Id.*  In subsequent

14   wiretap applications during the course of this investigation the affiant stated that those indices were

15   checked again, revealing in each case only the prior wiretap applications from this investigation.

16   Undersigned counsel is informed and believes that the electronic surveillance index for the Bureau of

17   Alcohol, Tobacco, Firearms and Explosives was also checked, and there was no record of a prior

18   wiretap for these defendants found.  The relevant wiretap applications have been produced in discovery.

19        The Government has investigated whether it is possible to learn whether any of the defendants

20   had been the subject of a prior state wiretap application.  Based on that investigation undersigned

21   counsel is informed and believes that there are no similar electronic surveillance indices for state

22   wiretaps that are available to the Government to search.  Similarly, undersigned counsel is informed and

23   believes that there is no way to learn whether any of the defendants in this case were merely "referred

24   to" in any other federal or state wiretap applications.  Therefore, the Government has nothing to produce

25   in response to this request beyond what has already been provided in discovery.

26   //

27   //

28   //

GOV. RESPONSE TO MOT. TO COMPEL          6
19-CR-655-HSG

1

**III.    CONCLUSION**

2          The Government has no documents to produce in response to defendants' discovery requests.

3   The Government therefore respectfully asks the Court to deny defendants' motion.

4

5   DATED: February 9, 2021                                    Respectfully submitted,

6                                                              DAVID L. ANDERSON
                                                               United States Attorney
7

8                                                              _/S/_____

9                                                              MOLLY A. SMOLEN
                                                               Assistant United States Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28